CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:05-M-00164 |
| ) | |
| STEVEN S. SHELTON, ) | By: Michael F. Urbanski |
|     Defendant. ) | United States Magistrate Judge |

## MEMORANDUM OPINION

Defendant Steven S. Shelton was charged with driving under the influence, a violation of 36 C.F.R. § 4.23(a)(1), possession of marijuana, a violation of 36 C.F.R. § 2.35(b)(2), and possession of a weapon where it was prohibited on federal land, a violation of 36 C.F.R. § 2.4, after he was stopped at a checkpoint on the Blue Ridge Parkway. At trial, the court found defendant guilty of possession of a weapon, dismissed the driving under the influence charge because the government offered insufficient evidence to meet its burden of proof, and took the possession of marijuana charge under advisement pending a review of the law and issuance of a written opinion on defendant's motion to dismiss.

Having reviewed the record and relevant case law, the court grants defendant's motion for judgment under Rule 29(a) of the Federal Rules of Criminal Procedure regarding the possession of marijuana charge. Although under United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976), lay testimony and circumstantial evidence may be sufficient without the introduction of expert chemical analysis to establish the identity of the substance involved in an alleged possession of narcotics, the evidence present here – an officer's testimony that a substance was marijuana based exclusively on his experience and field observation of a substance when the government has made no effort whatsoever to demonstrate what his experience was – is not

enough to carry the government's burden of proof. As such, defendant's motion for judgment is granted.

I

The salient facts testified to at trial are as follows. Defendant was stopped at a D.U.I. checkpoint on the Blue Ridge Parkway. When Park Service Rangers approached the car, they noticed that defendant had an odor of alcohol about him and bloodshot eyes.[1] A supervising Park Service Ranger testified that defendant was asked to step out of the car and to empty his pockets upon its hood. When defendant completed this task, two rangers patted down defendant and found a cigarette pack containing a pipe which one ranger said smelled "like marijuana" and contained residue "consistent with marijuana." The pack also contained a green, leafy substance that the officer believed to be marijuana. Despite the officer's impression, no field test was done on the substance, nor was there any lab analysis performed. Further, none of the physical evidence was introduced at trial.

At trial, the government made no effort to qualify the officer as an expert witness under the Federal Rules of Evidence. Although the testifying Park Service Ranger is well known to the court as being both experienced and highly reliable, the government made no effort at the trial of this case to put his qualifications or training into evidence nor did the government seek to introduce at trial any evidence to suggest that the testifying Park Service Ranger had sufficient experience with identifying suspected marijuana.

---

[1] As explained at trial, the government failed to prove the DUI charge. The only evidence of the level of alcohol was an Intoxilyzer 5000 reading at the Roanoke City Jail at .06, below the presumptive limit. Further, the government only offered evidence as to the results of one of four field tests administered to defendant, and the evidence as to that test – the walk and turn test – was relatively inconclusive.

2

## II

Rule 29(a) of the Federal Rules of Criminal Procedure provides that:

> After the government closes its evidence or after the close of all the evidence, the court must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction . . . .

One function of Rule 29(a) is to protect defendants from conviction on the basis of inadequate evidence. See United States v. Ubl, 472 F. Supp. 1236, 1237 (N.D. Ohio 1979). In criminal trials, the motion for acquittal pursuant to Rule 29 takes the place of a motion for directed verdict under Rule 50(a) of the Federal Rules of Civil procedure where there is a question of whether the evidence is sufficient to support a verdict in favor of the government. United States v. Cox, 593 F.2d 46, 48 (6th Cir. 1979).

The question here is whether the testimony of an obviously experienced and reliable Park Service Ranger that a substance is marijuana is enough in and of itself to support conviction of possession of marijuana where the evidence introduced by the government at trial made no reference to the Park Service Ranger's experience or training in identifying marijuana. In United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976), the Fourth Circuit held that

> [L]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction. Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the

3

> substance was called by the name of the illegal narcotic by the defendant or by others in his presence.

Id. at 1221. Similar rules are followed in many jurisdictions. See generally United States v. Osgood, 794 F.2d 1087); United States v. Schrock, 855 F.2d 327 (6th Cir. 1988); United States v. Murray, 753 F.2d 612 (7th Cir. 1985); United States v. Meeks, 857 F.2d 1201 (8th Cir. 1988); People v. McLean, 365 P.2d 403 (Cal. 1961); State v. Haller, 363 S.E.2d 719 (W. Va. 1987). Even with the existence of such rules, courts have cautioned that oftentimes this approach results in inadmissible evidence infecting the verdict with error. See Payne v. Commonwealth, 1997 Va. App. LEXIS 166, at **3-4 (Va. App. Mar. 25, 1997).

Courts may look to circumstantial evidence to establish the identity of a controlled substance in situations where it is impossible to test the alleged controlled substance. See United States v. Scott, 725 F.2d 43, 44 (4th Cir. 1984) (holding that where an informant who had used cocaine "quite a bit" and had purchased a "white powdery substance" from defendant that had been produced in "the same batch" from which the alleged cocaine at issue had been, and the informant claimed the substance was cocaine, there was sufficient testimony to identify the substance); United States v. Braxton, 1994 U.S. App. LEXIS 30447, at **6-8 (4th Cir. Oct. 31, 1994) (holding that conversations, when coupled with location of significant quantities of heroin, a balance scale, plastic baggies, glassine bags, clear capsules, and a bottle of quinine were enough to establish possession even absent evidence of possession on the date charged); United States v. Scott, 298 F.3d 346, 352-54 (2d Cir. 1999) (holding that inculpatory statements indicating drug sales alone could provide sufficient evidence to uphold conviction when evidence corroborated those statements).

4

It is important that courts exercise appropriate care when considering circumstantial evidence of the identification of controlled substances. In Provo City Corporation v. Spotts, 861 P.2d 437, 442-43 (Utah Ct. App. 1993) (applying Dolan, 544 F.2d at 1221), the court determined that testimony showing that a substance in question was used as an illicit drug, appeared to be an illicit drug, and smelled like marijuana was the "outer limit of what [the court] would affirm for a possession case where the substance itself or a chemical data test was not produced."

Here, that outer limit is not reached. The Park Service Ranger testified that the pipe and substance smelled and looked like marijuana. There is no evidence as to how defendant acquired the substance, nor was there any evidence that the defendant admitted that it was marijuana. Neither the substance nor any field or lab tests were offered into evidence. While officers who have had experience in searching for, and obtaining marijuana have been permitted to testify as to its identity, see Willoughby v. Marucci, No. 192-L-186, 1993 WL 410014, at *1 (Ohio Ct. App. Sept. 30, 1993), here there was no evidence introduced as to the Park Service Ranger's experience sufficient to lay a proper foundation for such evidence. Compare generally State v. Stahl, 482 N.W.2d 829 (Neb. 1992) (holding that an undercover police officer was qualified to testify that a substance was marijuana based on his twenty hours of training in drug identification, on an additional 100 hours of training in criminal investigation received over the course of his career, and on participation in drug investigations and coordination of state drug-control efforts); United States v. Almada-Aldama, 462 F.2d 952 (9th Cir. 1972) (holding that a customs agent who had seen bricks of marijuana on numerous occasions, who had been trained to identify marijuana, and who had never been mistaken in the identification of marijuana could testify as to the nature of the substance); and People v. Park, 380 N.E.2d 795 (Ill. 1978)

5

(concluding that a deputy sheriff's testimony that a substance was in fact marijuana should not have been admitted where the officer lacked training in identifying the substance).

Here, the court is compelled to conclude that defendant's motion be granted and the charge dismissed because the government offered no evidence as to the experience or training of the Park Service Ranger in identifying controlled substances, much less seek to qualify him as an expert under Federal Rule of Evidence 702. While the testifying Park Service Ranger likely has such knowledge, experience and training, the court cannot simply take judicial notice of such experience or training where no suggestion of it is offered into evidence.[2] Further, although it is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions, the principles embodied in Rule 702 do not represent an abdication of the screening function traditionally played by trial judges. See Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 588 (1993). Rule 702 requires the district court to ensure that "any and all scientific testimony admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589. In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999), the court clarified that whether a witness's area of expertise was technical, scientific, or more generally "experience-based," Rule 702 required the district court to fulfill the "gatekeeping" function of "mak[ing] certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

---

[2] The court is only permitted to take judicial notice of facts that are "generally known" or capable of sufficiently accurate and ready determination. See United States v. Lewis, 833 F.2d 1380, 1384-85 (9th Cir. 1987) (holding that Fed. R. Civ. P. 201 does not permit judicial notice of facts known through a judge's personal experience).

6

Defendant objected to the officer's ability to provide testimony as to whether the involved substance was marijuana, and the government never established that its witness had sufficient knowledge, experience or training to provide either a lay or expert opinion as to the identity of the substance.

Because the officer was not qualified as an expert, nor any evidence offered to establish his knowledge, experience or training in identifying controlled substances sufficient to properly support a lay opinion, the court is constrained to conclude that the Park Service Ranger's opinion lacks a sufficient foundation. This conclusion is not a reflection on the actual training, knowledge or experience of the Park Service Ranger, but simply reflects the absence any evidence offered on this issue. As no field or lab test was performed on the substance, there was no other evidence to support the simple possession charge. As such, the court is compelled to grant defendant's motion for judgment of acquittal, and in the accompanying Order find defendant not guilty of violating 36 C.F.R. § 2.35(b)(2).

By Order entered into this day.

**ENTER:** This 27 day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

7

Case 7:05-po-00164-mfu   Document 3   Filed 07/27/05   Page 7 of 7   Pageid#: 10